UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY M. GAUT,** | ) | CASE NO.  1: 16 CV 1776 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | <u>**OPINION AND ORDER**</u> |
| **TODD HOUGLAN,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

Background

*Pro se* Plaintiff Timothy M. Gaut, a state prisoner incarcerated in the Grafton Correctional Institution, has filed this civil rights action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs.  He names Dr. Todd Houglan and Health Care Administrator David Hanna as Defendants.

He alleges that beginning in 2015, he has continually sought relief for dizziness, pain,

loss of hearing and discharge from his right ear. His allegations and the materials he submits with his Complaint, however, indicate that he has been evaluated by prison doctors and received treatment for these problems. Prison doctors have diagnosed his problems as ear wax or an infection and have provided the Plaintiff various treatments, including weekly ear irrigation.

The Plaintiff contends he has not received proper diagnosis and treatment because the treatment he has received has been ineffective and he still is experiencing pain. He contends the Defendants have been deliberately indifferent to his medical needs because, due to cost, they have not referred him to a specialist, which he contends is necessary "to effect a proper a diagnosis." He seeks damages for his pain and suffering and declaratory and injunctive relief "requiring immediate referral to a specialist for proper testing, diagnosis, and treatment."

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required, under 28 U.S.C. §§ 1915(e) and 1915A, to screen and dismiss before service any *in forma pauperis* action, and any action brought by a prisoner against a governmental official or employee, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### Analysis

The Plaintiff's Complaint must be dismissed because, even liberally construed, his allegations are insufficient to support a claim that the Defendants were deliberately indifferent to his medical needs. To prove a constitutional claim for deliberate indifference, a prisoner must show both that his medical condition posed a "substantial risk of serious harm" to him and that the prison officials in question acted with "deliberate indifference" to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is the reckless disregard of a substantial risk of serious harm." *Jennings v. Al-Dabagh*, 97 F. App'x 548, 549 (6th Cir. 2004). It "requires more than mere negligence [and] more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014). "Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim." *Jennings*, 97 F. App'x at 549-50. In addition, a prisoner's "desire for additional or different treatment does not suffice" to make out a claim. *Mitchell*, 553 F. App'x at 605. Where a prisoner has received some treatment for his condition, in order to state a claim, he must show that his treatment was "so woefully inadequate as to amount to no treatment at all." *Id*. at 604-05. *See also Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.").

The Plaintiff's Complaint and its attachments make clear that he has been seen by prison medical staff and treated for the medical problems he alleges. Although he contends

the diagnosis and treatment he has received has been ineffective and believes more should be done for him, his allegations do not support a plausible inference that the treatment he has received was "so woefully inadequate as to amount to no treatment at all." At the most, his allegations suggest he disagrees with his diagnosis and treatment. A prisoner's disagreement with the testing and treatment he receives is insufficient to rise to the level of an Eighth Amendment violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008). Even if Plaintiff's allegations could support a negligence claim under state tort law, they are insufficient to support a plausible federal civil rights claim for deliberate indifference under § 1983.

## Conclusion

Accordingly, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                          s/ Christopher A. Boyko
                                          **CHRISTOPHER A. BOYKO**
                                          **United States District Judge**

**Dated:** September 19, 2016